UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | No. 2:22-cv-02229 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DEPARTMENT OF THE TREASURY IRS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants were violated his rights in connection with the tax collection and an Economic Impact Payment. Presently before the court is plaintiff's motion to proceed in forma pauperis. (ECF No. 2.) For the reasons set forth below, the court will recommend that the motion to proceed in forma pauperis be denied.

////
////
////
////
////
////
////

1

# IN FORMA PAUPERIS

## I.  In Forma Pauperis Statue

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However,

> [i]n no event shall a prisoner bring a civil action . . . [in forma paupers] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in original)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007).  To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed.  See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## II.  Has Plaintiff Accrued Three Strikes?

A review of actions filed by plaintiff reveals that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.  Many judges have previously found that plaintiff has accrued three strikes.  See Driver v. IRS of Fresno, California, No. 1:22-cv-00118-AWI-HBK, 2022 WL 2093728 (E.D. Cal. June 10, 2022), recommendation adopted by, 2022 WL 4123875 (E.D. Cal. Sep. 9, 2022); Driver v. Fresno US Court, No. 1:22-cv-00623-DAD-SKO, 2022 WL 2442746 (E.D. Cal. June 7, 2022), recommendation adopted by, 2022 WL 2718556 (E.D. Cal. July 13, 2022); Driver v. Garry, No. 2:20-cv-0800 TLN AC P,

2020 WL 4349853 (E.D. Cal. July 29, 2020), recommendation adopted by, 2020 WL 5943678 (E.D. Cal. Oct. 7, 2020); Driver v. Harber-Pickens, No. 1:19-cv-01775-DAD-EPG, 2020 WL 104493 (E.D. Cal. Jan. 9, 2020), recommendation adopted by, 2020 WL 1865659 (E.D. Cal. Apr. 14, 2020; Driver v. Mora, No. CV 13-5770-BRO, 2014 WL 12966003 (C.D. Cal. Aug. 18, 2014), recommendation adopted by, 2015 WL 13915004 (C.D. Cal. Jan. 20, 2015).

The court takes judicial notice of those cases and plaintiff's prior filings described therein. MCIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (A court may take judicial notice of its own records and the records of other courts). Those cases include: (1) Driver v. Martel, No. 08-CV-1910-GEB-EFB (E.D. Cal. Sept. 15, 2009) (dismissed September 16, 2009, for failure to state a claim), aff'd, Driver v. Martel, 395 F. App'x 392 (9th Cir. 2010), cert. denied, 563 U.S. 909 (2011); (2) Driver v. Kelso, No. 2:11-cv-2397 EFB P (E.D. Cal. Aug. 9, 2012) (dismissed September 12, 2012, for failure to file an amended complaint after prior complaint was dismissed for failure to state a claim), aff'd, 514 F. App'x 662 (9th Cir. 2013); (3) Driver v. Zamora, No. 2:14-cv-02170-BRO-AGR (C.D. Cal.) (dismissed for failure to file an amended complaint after prior complaint was dismissed for failure to state a claim); aff'd, 621 F. App'x 421 (9th Cir. 2015); (4) Driver v. Epp, No. 2:12-cv-00589-EFB (E.D. Cal.) (dismissed September 5, 2012, for failure to state a claim); (5) Driver v. U.S. Special Master, No. 1:17-cv-0202 DAD BAM P (E.D. Cal. 2018) (dismissed Jan. 5, 2018, for failure to pay the filing fee after being declared a three-strike litigant and for failure to obey a court order). These strikes all occurred prior to plaintiff's initiation of the present action on December 15, 2022. (ECF No. 1.)

### III.  Does Plaintiff Meet the Imminent Danger Exception?

Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden

3

1  under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical
2  injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."
3  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory
4  assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir.
5  1998). That is, the "imminent danger" exception is available "for genuine emergencies," where
6  "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531
7  (7th Cir. 2002).

8       The court has reviewed plaintiff's complaint. (ECF No. 1.) Therein, plaintiff alleges that
9  he has not received an Economic Impact Payment of $1400.00 from the Internal Revenue Service
10 that he alleges he is owed. (Id. at 3.) Plaintiff claims he has submitted a request but has not
11 received the payment eleven months later. (Id.)

12      These allegations do not show that plaintiff was under imminent danger of serious
13 physical injury at the time this action was filed. In fact, nothing in plaintiff's complaint at all
14 indicates there exists any risk of physical injury involved with plaintiff's claims. Accordingly,
15 the court finds that plaintiff does not meet the imminent danger exception described in § 1915(g)
16 and should only be allowed to proceed with this action if he pays the filing fee.

17 ////
18 ////
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign this matter to a District Judge.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;
2. The court find plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action; and
3. The court order plaintiff to pay the $402 filing fee in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 28, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/driv2229.3strikes

5